### TEXAS & P. RY. CO. v. PAYNE et al.

(Court of Civil Appeals of Texas. Texarkana. April 18, 1913. Rehearing Denied May 1, 1913.)

1. CARRIERS (§ 97*)—CARRIAGE OF FREIGHT—FAILURE TO PLACE CAR IN POSITION FOR UNLOADING—LIABILITY.

Where a carrier's agent consented when requested to place a car of perishable fruit in position for unloading and failed to do so and the fruit decayed, the carrier was liable for his negligent failure.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 409; Dec. Dig. § 97.*]

2. TRIAL (§ 260*)—INSTRUCTIONS—REFUSAL TO GIVE INSTRUCTIONS COVERED BY THE CHARGE GIVEN.

It is not error to refuse a requested charge covered, as far as applicable, by the court's general charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

Appeal from Lamar County Court, Rube S. Wells, Judge.

Action by J. D. Payne and another against the Texas & Pacific Railway Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

Head, Smith, Hare & Head, of Sherman, and L. J. Polk, Jr., of Brownsville, for appellant. Sturgeon & Beauchamp, of Paris, for appellees.

HODGES, J. In November, 1911, appellees shipped a carload of bananas to Paris, Tex. It is claimed that, by reason of the negligent failure of the appellant's employés to promptly place the car in a position where it could be unloaded, a loss was sustained by the decay of the fruit before it could be marketed. Appellees recovered a judgment in the trial court for $233.20 as damages.

Only three errors are assigned. Two of them are based upon the refusal to give spe-

cial charges, and the other complains of the admission of evidence.

[1] The first special charge required the jury, before returning a verdict for plaintiff, to find that the railway company "refused" to place the car in a position to be unloaded. The testimony shows that the agent of the appellant, when requested, consented to place the car in position, but failed to do so. His negligent failure would as effectively give rise to a cause of action as would his "refusal."

[2] The second special charge, in so far as applicable, was covered by the court's general charge.

There was no error in admitting the testimony complained of. The witness was qualified to testify as to the market value of the bananas.

The judgment is affirmed.